**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NATHANIEL W. ELLIBEE,

      Plaintiff,

      v.                               Case No. 26-1202-DDC-BGS

MATTHEW J. MANES, et al.,

      Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Appear via Telephone or Video Conference at Non-Evidentiary Hearings (Doc. 4) and Plaintiff's Motion for Service by the United States Marshal (Doc. 5). Plaintiff proceeds pro se but is not proceeding in forma pauperis. In the service motion, Plaintiff asks the Court to direct the United States Marshals Service to serve the named Defendants at their business addresses or, alternatively, to order the Kansas Department of Corrections and/or the Kansas Attorney General's Office to provide Defendants' residential addresses under seal or otherwise assist in effecting service. He separately asks for advance permission to appear remotely at all non-evidentiary hearings and conferences. For the reasons below, the motion for service is granted in part and denied in part. The motion to appear remotely is denied without prejudice.

### I.  Analysis

Plaintiff's motions raise two distinct issues. First, because Plaintiff is not proceeding in forma pauperis, the Court must decide whether to exercise its discretion under Rule 4(c)(3) to order service by the United States Marshals Service. Second, the Court must decide whether to enter a blanket prospective order allowing Plaintiff to appear remotely at all future non-evidentiary proceedings before any such proceedings have been scheduled. The Court addresses each issue in turn.

1

### a. Motion for Service by United States Marshal

Rule 4(c)(3) provides that, at a plaintiff's request, the Court "may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The Court must order Marshal service when a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916. *Id.* Plaintiff does not fall within either mandatory category because he is not proceeding in forma pauperis. Marshal service is therefore discretionary, not mandatory.

Plaintiff's pro se status does not relieve him of his obligation to comply with Rule 4. *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("Pro se litigants must follow the requirements of Rule 4(j)."). And even when the Marshals Service is involved, the plaintiff remains responsible for providing the information needed to complete service. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served . . . ."); *Leek v. Thomas*, No. 09-3036-SAC, 2009 WL 2876352, at *1 (D. Kan. Sept. 2, 2009) ("[T]he plaintiff in a civil lawsuit bears primary responsibility to provide sufficient information for service of the complaint upon each defendant."). The Marshals Service is not required to act as a private investigator to locate defendants. *Fields*, 511 F.3d at 1113; Leek, 2009 WL 2876352, at *2.

But Rule 4(c)(3) permits the Court to order Marshal service in appropriate circumstances. Plaintiff has provided the names of the named Defendants, represents that he will prepay the Marshals Service fee, and identifies workplace addresses where he believes the named Defendants may be found. He also alleges that arranging service himself may be difficult because Defendants are KDOC or Kansas Prisoner Review Board officials and because Plaintiff remains under parole supervision. On this record, the Court finds that limited Marshal service is appropriate. The remaining question is

the permissible scope of that service, including Plaintiff's request to serve Defendants at their business addresses and his alternative request for residential address assistance.

### i. Method of service on named Defendants

Plaintiff's motion asks the Court to direct the Marshals Service to serve the named Defendants at their KDOC business addresses. In the alternative, Plaintiff asks the Court to order KDOC and/or the Kansas Attorney General's Office to assist with service by providing Defendants' residential addresses under seal or by producing Defendants to receive service. The Court addresses those requests separately.

For individual-capacity claims, Rule 4(e) governs service. It permits service by: (1) following state law for serving a summons; (2) delivering the summons and complaint to the individual personally; (3) leaving the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering the summons and complaint to an authorized agent. Fed. R. Civ. P. 4(e). Kansas law similarly permits service on an individual by serving the individual or an authorized agent. K.S.A. 60-304(a).

Kansas law also permits service by return-receipt delivery, but for an individual, that method generally requires delivery addressed to the individual at the individual's dwelling or usual place of abode. K.S.A. 60-303(c); K.S.A. 60-304(a). Return-receipt delivery to an individual's business address is permitted only after a return of service shows that return-receipt delivery to the individual's dwelling or usual place of abode was refused or unclaimed and a business address is known. K.S.A. 60-304(a).

Accordingly, the Court does not authorize service by return-receipt delivery to an individual Defendant's business address at this time. Nor does it authorize leaving service materials at a workplace with someone who is not the Defendant or the Defendant's authorized agent. *See Scherer v. United States*, 241 F. Supp. 2d 1270, 1282 (D. Kan. 2003) (holding that certified-mail service at federal employees' work addresses did not satisfy Rule 4(e) or Kansas law for individual-capacity claims);

3

*Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1228-29 (D. Kan. 2016) (explaining Kansas's prerequisites for business-address service by return-receipt delivery).  But Rule 4(e)(2)(A) permits service by "delivering a copy of the summons and of the complaint to the individual personally."  The Court therefore authorizes the Marshals Service to attempt personal delivery to the named Defendants at the workplace addresses Plaintiff has identified, to the extent the Marshals Service can personally deliver the summons and complaint to the individual Defendant.  *See Horton v. Maldonado*, No. 1:14-cv-0476-WSD, 2014 WL 6629743, at *5 n.4 (N.D. Ga. Nov. 21, 2014) ("The Rules do not specify where a plaintiff may personally serve a Defendant, and personal service at a place of business is not itself improper."); *Jaffe v. Fed. Rsrv. Bank of Chi.*, 100 F.R.D. 443, 445 & n.4 (N.D. Ill. 1983) ("When notice is actually given a person, it matters not a whit whether he or she receives it at home, at work, at play or anywhere else," and Rule 4's personal-delivery provision "contains no limitation whatever as to the place of delivery.").  If the Marshals Service cannot complete service in that manner, the return should so reflect.

The Court also clarifies that service requirements differ for official-capacity claims.  Service on the Kansas Attorney General or an Assistant Attorney General may be sufficient for official-capacity claims against Kansas officials.  *See* K.S.A. 60-304(d)(5); *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1262 (D. Kan. 2004); *Copeland v. Robinson*, 25 Kan. App. 2d 717, 722, 970 P.2d 69, 74 (1998).  But service on the Kansas Attorney General does not, by itself, effect service on state officials sued in their individual capacities.  *Love v. Hayden*, 757 F. Supp. 1209, 1211-12 (D. Kan. 1991).  Any individual-capacity claim therefore requires service on the individual Defendant in a manner authorized by Rule 4(e).

### ii.  Residential address assistance and Doe Defendants

The Court denies without prejudice Plaintiff's alternative request for an order requiring KDOC or the Kansas Attorney General's Office to provide residential addresses under seal or

otherwise produce Defendants for service. In *Leek*, the court declined to order KDOC, a nonparty, to provide former employees' addresses, although it permitted Marshal service using the last-known place and date of KDOC employment and required the Marshals Service to keep any forwarding address confidential. 2009 WL 2876352, at *2-3 & n.1. Plaintiff has not shown that he has attempted service through ordinary means, that personal service at the workplace addresses he supplied has failed, or that residential addresses are presently necessary to complete service. If the Marshals Service is unable to serve a named Defendant using the information Plaintiff provides, Plaintiff may file a renewed, narrowly tailored motion for additional service assistance supported by the unexecuted return and any other relevant information. If the Marshals Service obtains any personal or forwarding address for a Defendant, that address must be kept confidential and must not appear on any form provided to Plaintiff or filed publicly.

Finally, the motion is denied without prejudice as to the Jane/John Doe Parole Supervisor and John Does 1-5 and Jane Does 1-5. The Marshals Service cannot serve unidentified Defendants. Plaintiff may seek appropriate relief if he later identifies any Doe Defendant and provides information sufficient to permit service.

Plaintiff's Motion for Service by the United States Marshal (Doc. 5) is therefore granted in part and denied without prejudice in part. Plaintiff must complete, and submit to the Clerk's office, the necessary summonses, USM-285 forms, and fees for each named Defendant to be served by the Marshals Service. After Plaintiff does so, the Clerk is directed to forward the completed service materials to the United States Marshals Service for service consistent with this Order.

### b. Motion to Appear Remotely at Non-Evidentiary Hearings

Plaintiff also seeks an order allowing him to appear by telephone or video at all non-evidentiary hearings, conferences, status calls, and other proceedings. He does not seek to appear remotely at trial or at evidentiary hearings. He argues that remote appearance is warranted because he is a parolee,

has employment and travel obligations, is the sole financial provider for his household, has custody obligations, and has the technology needed to participate remotely.

The Court has broad discretion to manage appearances at pretrial proceedings. *See* Fed. R. Civ. P. 1, 16, 77(b), 78(b). And many non-evidentiary matters may be handled remotely or on the papers. *See* D. Kan. Rules 7.2, 16.2, 37.1, 72.1.1. But Plaintiff seeks a blanket prospective order covering all future non-evidentiary proceedings before any such proceeding has been set. That request is premature.

The better course is to address the method of appearance when a hearing or conference is actually scheduled. At that point, the Court can consider the nature of the proceeding, the needs of the case, the positions of any parties who have appeared, and Plaintiff's particular hardship arguments. *See Taylor v. Dilday*, No. 6:26-cv-03022-MDH, 2026 WL 1139615, at *2 (W.D. Mo. Apr. 27, 2026) (denying without prejudice a pro se plaintiff's request to appear by telephone or video at all non-evidentiary proceedings as premature and noting the plaintiff could renew the request when a non-evidentiary proceeding was scheduled). This approach does not prejudice Plaintiff. Plaintiff chose to file this lawsuit, and part of litigating in federal court is the possibility that he may need to appear in person for hearings, conferences, or other proceedings. The Court is unlikely to authorize remote appearances on a permanent or blanket basis. Some non-substantive case-management proceedings may lend themselves to a telephone or video conference, and the Court may set those proceedings remotely when appropriate. But for substantive matters, disputed motions, evidentiary hearings, or other proceedings where in-person participation would assist the Court, Plaintiff should expect to appear in person unless the Court orders otherwise. If Plaintiff receives notice of an in-person proceeding and believes remote appearance is necessary, he may file a motion directed to that specific proceeding.

The Court also notes the distinction between non-evidentiary proceedings and proceedings involving testimony. Rule 43(a) provides that testimony at trial must be taken in open court unless otherwise authorized, and it permits contemporaneous transmission only "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). Plaintiff's current motion does not seek remote participation at trial or at evidentiary hearings, and the Court does not address that issue now.

Plaintiff's Motion to Appear via Telephone or Video Conference at Non-Evidentiary Hearings (Doc. 4) is therefore denied without prejudice. Plaintiff may renew the request as to any specific hearing or conference if remote appearance is not already authorized by the order setting that proceeding.

## II.    Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Service by the United States Marshal (Doc. 5) is **GRANTED in part and DENIED without prejudice in part**. The United States Marshals Service may attempt service on the named Defendants consistent with this Order after Plaintiff submits completed service materials and prepays the required fees. The motion is denied without prejudice as to unidentified Doe Defendants and as to Plaintiff's request for an order requiring KDOC or the Kansas Attorney General's Office to provide residential addresses or otherwise produce Defendants for service.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appear via Telephone or Video Conference at Non-Evidentiary Hearings (Doc. 4) is **DENIED without prejudice**. Plaintiff may renew that request as to a specific proceeding if necessary.

**IT IS SO ORDERED**.

Dated July 8, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

7